**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK ATKINS, | Civ. Action No. 22-3712 (JXN) |
| Petitioner, | |
| v. | |
| | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| WARDEN OF HUDSON COUNTY | |
| REHABILITATION CENTER, et al., | |
| Respondents. | |

<u>**NEALS**</u>, District Judge

*Pro se* Petitioner Mark Atkins ("Petitioner") is a prisoner currently confined at Northern State Prison in Newark, New Jersey.  On June 7, 2022, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Petition"), wherein he acknowledged that all grounds for relief have not been exhausted. *See, gen.,* Pet.  On March 20, 2023, the Court filed an Order to Show Cause providing Petitioner thirty (30) days to show why the Petition should not be dismissed for failure to exhaust state remedies.  (ECF No. 13).  On April 28, 2023, Petitioner filed a motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005) (ECF No. 14) (the "Motion").  For the reasons stated herein, the Motion is **GRANTED**.

Petitioner claims he is requesting a stay to exhaust his state remedies before proceeding with the Petition.  Mot., at ¶ 3.  Petitioner further claims his trial attorney informed him that he would file a direct appeal on his behalf but failed to do so.  *Id.*, at ¶ 1.  Additionally, Petitioner argues that he did not receive a copy of the discovery in the underlying criminal matter until April

2021 and then, submitted a petition for Post-Conviction Relief ("PCR"). *Id.*, at ¶ 12. It is unclear

if Petitioner has a currently pending PCR petition.

Under the Antiterrorism Effective Death Penalty Act, the Court may not grant a writ of

habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted all remedies available

in state court or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*,

155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). A

petitioner must exhaust his state remedies by presenting federal constitutional claims to each level

of the state courts empowered to hear those claims, either on direct appeal or in collateral post-

conviction relief proceedings. *See*, *e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999)

("[R]equiring state prisoners to file petitions for discretionary review when that review is part of

the ordinary appellate review procedure in the State").

Recognizing the complexities facing prisoners who must exhaust state remedies while

complying with the one-year statute of limitations period for § 2254 habeas under § 2244(d)(1),

the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is

a permissible and effective way to avoid barring from federal court a petitioner who timely files a

mixed petition [containing both exhausted and unexhausted claims]." *Crews v. Horn*, 360 F.3d

146, 151 (3d Cir. 2004). The court further stated that "when an outright dismissal could jeopardize

the timeliness of a collateral attack, a stay is the only appropriate course of action." *Id.* at 154

(citation omitted). Indeed, the United States Supreme Court has held that a stay is "only

appropriate" where the district court determines the petitioner "had good cause for his failure to

exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78. A

petitioner bears the burden of showing entitlement to a stay. *Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

The Court finds that the Motion should be granted and the Petition stayed pending exhaustion of Petitioner's federal habeas claims. Petitioner's unexhausted claims for relief appear to be "potentially meritorious" and prisoners are permitted to file "protective petitions" in federal court in certain circumstances. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005) (citation omitted); *see also Gerber v. Varano*, 512 F. App'x 131, 135 (3d Cir. 2013) (per curiam) ("Stay and abey is available even when a petitioner has exhausted none of the claims in his petition." (citations omitted). It also does not appear that Petitioner engaged in intentionally dilatory litigation tactics as he represents that he filed a PCR petition once informed that his attorney failed to file a direct appeal. *See Rhines*, 544 U.S. at 278; Petition, at ¶ 12.

While the Court is unable to conclusively determine whether there is good cause to excuse Petitioner's failure to have already exhausted these claims, the exhaustion requirement is intended to provide state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *See Cranberry v. Greer*, 481 U.S. 129 (1987); *Rose v. Lundy*, 455 U.S. 509, 516-18 (1982). In addition, exhaustion will allow for the development of a complete factual record in state court that will aid Court in its review of the Petition. *Rose*, 455 U.S. at 519. Thus, the Court finds that a stay is warranted.

For the reasons stated herein, and for good cause shown:

**IT IS** on this 4th day of August 2023,

**ORDERED** that Petitioner's Motion for a Stay (ECF No. 14) is **GRANTED**; it is further

**ORDERED** that Petitioner shall return to this Court by filing a request to reopen this action within thirty (30) days after exhausting his state law claims; it is further

**ORDERED** that if Petitioner should fail to comply with the deadlines set forth herein, the Court may vacate this Order *nunc pro tunc* and dismiss all unexhausted claims; it is further

**ORDERED** that nothing in this Order shall be construed as a finding as to the timeliness of any additional causes of action that may be claimed in a future or amended petition (*see Mayle v. Felix*, 545 U.S. 644 (2004)); it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action.

> /s/ Julien Xavier Neals
> **JULIEN XAVIER NEALS**
> United States District Judge

4